## STATEMENT OF OFFENSE

On August 28, 2025, at approximately 9:09 p.m., Metropolitan Police Department ("MPD") officers were in a vehicle and approached the 1400 block of V Street NW in the District of Columbia, where the officers observed approximately five individuals congregating on a public sidewalk. It was night, in a high crime area. The officers arrived in an unmarked vehicle, traveling at a normal rate of speed, and exited their vehicle. The officers were wearing tactical vests with markings on the vests indicating that they were police.

The officers approached the congregating individuals and addressed them in a calm, normal manner. One of the individuals, Defendant Keonte Wilson, became wide-eyed upon seeing the officers and began to look around. The Defendant appeared to be looking for an avenue of escape. One of the officers asked the Defendant if he had "anything" on him. The Defendant looked down at his waistband, patted his pockets, and looked at the other officers. One of the officers noticed an unusual bulge in the Defendant's front waistband/groin area. The bulge appeared inconsistent with the human anatomy.

The Defendant offered to show the officers a laptop in his backpack. He removed his backpack, opened it, and removed a laptop computer. The Defendant then held the backpack in front of his body, over his waistband/groin area, concealing the bulge in that area. The officer asked about the bulge around the Defendant's waistband/groin area. The Defendant began removing items from his pockets. The officer again asked about the bulge in the Defendant's waistband/groin area. The Defendant lifted his shirt, as if to reveal his waistband, but simultaneously bent forward, thereby concealing the area around the bulge and stated that there was "nothing" in his waist. The officer was a member of the prior MPD gun recovery unit for multiple years and has been involved in the recovery of hundreds of firearms. Based on his training and experience, he understood that the Defendant's furtive moments, wide-eyed facial expression, the bulge in his front waistband/groin area, evasion of the officer's questions, and the totality of other circumstances were consistent with an individual possessing and concealing a weapon illegally. The officer then patted the area immediately around the bulge and felt what he believed to be a firearm. The officer removed the item that was causing the bulge and confirmed that it was in fact a pistol. Officers determined that the pistol was loaded with one round of 9mm ammunition in the chamber and nine rounds of ammunition in the magazine.

The firearm found on the Defendant's person is a weapon that is designed to or may readily be converted to expel a projectile by the action of an explosive. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate or foreign commerce before it arrived in the District of Columbia.

A review of the Defendant's criminal history revealed that, at the time of this offense, the Defendant had been previously convicted of crimes punishable by a term of imprisonment of greater than one year. Specifically, in 2017, in the District of Columbia, the Defendant was convicted of the felony offense of Carrying a Pistol Without a License Outside a Home or Business, and in 2022, in the District of Columbia, the Defendant was found guilty of the felony offense of Carrying a Pistol Without a License Outside a Home or Business. Accordingly, at the time the

Defendant possessed the firearm in this case, he knew he had previously been convicted of a crime punishable by a term of imprisonment of more than one year.

As such, your affiant submits that probable cause exists to charge Keonte Wilson with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition.

Respectfully submitted,

_____
Anthony Delborrell
Officer, Badge # 2554
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 29, 2025.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE